IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUNO MANUEL GONZALEZ-GARCIA, | § § § | |
| Movant, | § § | |
| | § | No. 3:22-cv-01383-M (BT) |
| v. | § | No. 3:20-cr-00455-M-1 |
| | § | |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Bruno Manuel Gonzalez-Garcia, a state prisoner, has filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 3.) The District Court referred the resulting action to the United States magistrate judge pursuant to 28 U.S.C. 636(b) and a standing order of reference. For the following reasons, the District Court should dismiss Gonzalez-Garcia's § 2255 motion without prejudice.

I.

This action was initiated on May 28, 2022, when Gonzalez-Garcia filed a *pro se* motion in his federal criminal case. (ECF No. 3.) In his motion, he argues that he "did not properly understand or [sic] did [his] appointed attorney explain the proper sentencing guidelines to [him] in laymen's terms were [sic] [he] could properly understand." *Id.* Gonzalez-Garcia further argues that "[t]he question's [sic] directed to [him] were answered with the

1

intention of [his] appointed attorney would provide [him] with effective Assistance of Counsel[.]" *Id*. The District Court liberally construed the motion, in part, as a § 2255 motion, and opened this civil habeas action. (ECF No. 2.) However, Gonzalez-Garcia is currently in the custody of the Texas Department of Criminal Justice (TDCJ), and his federal criminal case is pending before the Fifth Circuit Court of Appeals. *See* https://inmate.tdcj.texas.gov/InmateSearch/search.action (last visited June 29, 2022).

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)); *see also United States v. Puente,* 2009 WL 762392, at *1 (N.D. Tex. Feb. 27, 2009) (finding the § 2255 motion was filed while the criminal case was pending on appeal and concluding "[i]t plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief at this time"), *rec. adopted,* 2009 WL 762390 (N.D. Tex. Mar. 23, 2009); *Canales v. United States,* 2007 WL 646189 at * 1 (N.D. Tex. Feb. 28, 2007) (a defendant may not seek post-conviction relief while his direct appeal is pending); *United States v. Norwood,* 2006 WL 3350207, at *1 (N.D. Tex. Nov. 15, 2006) (dismissing the § 2255 motion as "premature" where the direct appeal was pending); *Risby v. Wendt,* 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004)

2

(construing application for writ of habeas corpus as a § 2255 motion and dismissing the case without prejudice because the underlying criminal conviction was on appeal), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr.29, 2004). The orderly administration of criminal law generally precludes a court from considering a § 2255 motion when an appeal is pending in the criminal case. *Woollard v. United States*, 416 F.2d 50, 51 (5th Cir. 1968). When a movant files a § 2255 motion while his criminal case is on direct appeal, the Court should dismiss his § 2255 motion without prejudice to refiling it after the resolution of his direct appeal. *See United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (per curiam).

Gonzalez-Garcia's federal criminal case is presently on appeal in the Fifth Circuit. The Court therefore has no subject matter jurisdiction over his § 2255 motion. *See Canales*, 2007 WL 646189, at *1. Consequently, the Court should dismiss his § 2255 motion without prejudice.

II.

The Court recommends that this action be DISMISSED without prejudice.

**SO RECOMMENDED.**

Signed July 11, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).